## PICKERING v. INDUSTRIAL COMMISSION OF UTAH.

No. 3708.   Decided November 7, 1921.   (201 Pac. 1029.)

1. MASTER AND SERVANT—COMPENSATION RECOVERABLE FOR INJURIES OCCURRING IN ANOTHER STATE. Under the Industrial Commission Act (Comp. Laws 1917, § 3126), which provides that a workman hired within the state, who receives injury in employment outside of the state, is entitled to compensation, a resident of the state who was employed by a copartnership engaged in the contracting business within the state, but was thereafter sent by them to take charge of work in another state, is entitled to compensation for injuries received in the course of his employment in the other state, though the employer had taken out insurance against such injuries under the Compensation Act of that state.

2. CONSTITUTIONAL LAW—COURTS NOT CONCERNED WITH THE WISDOM OF STATUTES. If the constitutionality of the provision of the Industrial Commission Act, giving it extra-territorial effect by authorizing compensation for injuries received outside the state, is not attacked, the courts are not concerned with the wisdom of the Legislature in giving its provisions such effect.

Proceedings under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165, by L. B. Pickering, as employé, to ￨recover compensation for injuries while in the employ of Pickering Bros., a copartnership. From a decision of the Industrial Commission denying compensation, the employé brings the proceedings before the court for review.

DECISION VACATED.

*Pierce, Critchlow & Marr,* of Salt Lake City, for plaintiff.

*H. H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant.

CORFMAN, C. J.

Plaintiff commenced these proceedings May 18, 1921, as claimant before the defendant, Industrial Commission of Utah, to obtain compensation under the provisions of Chapter 100, Laws of Utah 1917, as amended by chapter 63, Laws of Utah 1919, commonly known as our Industrial Commission Act. Compensation was denied plaintiff by the Commission, and he has brought the proceedings here for review in the usual way and as provided that he may do under the provisions of said act.

It appears that the plaintiff, a resident of Salt Lake City, Utah, was, some time prior to January 1, 1919, employed as an engineer and superintendent by Pickering Bros., a copartnership engaged in a general contracting business. The Pickering brothers were also residents of Salt Lake City, where they employed the plaintiff, .and where they at all times maintained their place of business. Up until the year 1921, they took no contracts in outside states, but confined their operations exclusively in the performance of construction work awarded them in the carrying out of Utah projects, in which work the plaintiff had been continuously engaged in the ordinary duties of an engineer and superintendent until about March 1, 1921, when Pickering Bros. took a con-

tract for the construction of a public highway in the state of Colorado and placed the plaintiff in charge of said project as superintendent of the work to be performed. While engaged in these duties, he became disabled in Colorado by reason of an accident arising out of and in the course of his said employment, for which he claims compensation. It further appears that Pickering Bros. carried compensation insurance in the Utah state insurance fund and also under the provisions of the Colorado Compensation Law for the protection of their employés while operating in said state.

Upon the foregoing facts, which are not disputed, our Commission by a majority decision refused to make an award.

After plaintiff applied for and was denied a rehearing, the case was brought here for review.

The majority of the Commission seem to have taken the position, as reflected by their findings and decision, that to allow the plaintiff compensation under the facts and attending circumstances stated would be giving the provisions of our act an extraterritorial effect not contemplated by our Legislature. In part the decision reads:

"The place of employment is not controlling in the question of jurisdiction, neither is the place of residence of the applicant, nor the place of the accident. The controlling element is to be found in the industries being developed. The jurisdiction in such cases must be the jurisdiction of the industry that is being promoted. * * * In this case it is quite clear that Pickering Bros. went beyond the jurisdiction of this Commission and engaged in employment not even remotely connected with Utah industry, that L. B. Pickering [plaintiff] was to initiate and carry to conclusion an enterprise exclusively within the state of Colorado, and that the employés engaged in this particular employment were covered by the workmen's compensation insurance in the Southern Surety Company (Colorado), * * * and for this reason the relief sought is hereby denied."

Our Industrial Commission Act, section 3126, Comp. Laws Utah 1917, without qualification, provides:

"If a workman who has been hired in this state receives personal injury by accident arising out of and in the course of such employment, he shall be entitled to compensation according to the law of this state, * * * even though such injury was received outside of this state."

Under the admitted facts in this case, it would seem that the plaintiff here has met al the requirements of the foregoing provision of our statute. Although he received an injury outside of this state, he was hired in this State. Not only was he hired in this state, but he was a resident of Utah, employed in a business or enterprise being conducted in Utah and by Utah residents. The plain and express wording of our statute permits of no other construction or interpretation than that under the showing here made by the applicant, it was intended by our Legislature that the beneficent purposes of our act should be given extraterritorial effect and compensation allowed.

It would appear from the expressions made in the majority opinion that the Commission has not only disregarded the plain provisions of our statute in refusing to make an award, but that it has also misconceived the very purposes of the act, viz., to protect the employé and those dependent upon him, so that in case of accident and injury they may not become subjects of public charity. *Scranton Leasing Co.* v. *Industrial Commission of Utah,* 51 Utah, 368, 170 Pac. 976; *Chandler* v. *Industrial Commission of Utah et al.,* 55 Utah, 213, 184 Pac. 1020, 8 A. L. R. 930.

The constitutionality or validity of the statute is not here questioned. As a court we are not concerned with the wisdom of the Legislature in giving its provisions extraterritorial effect. That it did do in plain and unmistakable terms.

Under the facts and circumstances disclosed by the record in this case, we are of the opinion that the plaintiff is entitled to compensation, as in the act provided, and that the Commission, in not making an award, misconceived its jurisdiction.

It is therefore ordered that the decision of the Commission denying the plaintiff compensation be, and the same is hereby, vacated and set aside. Plaintiff to recover costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.