# FRANDSEN v. INDUSTRIAL COMMISSION OF UTAH.

No. 3910.   Decided February 10, 1923.   Rehearing denied March 5, 1923.   (213 Pac. 197.)

1. MASTER AND SERVANT—ONE EMPLOYING WORKMEN TO HAUL BRICK, WITHOUT MENTIONING PURCHASER, AGREEING TO PAY FOR HAULING, HELD EMPLOYER OF WORKMAN INJURED. One employing workmen to haul brick without mentioning the purchaser, who agreed to pay for the hauling, personally directing the work of loading and paying the workmen, was the employer of a workman injured while preparing his wagon to hold the brick.

2. MASTER AND SERVANT—EMPLOYEE'S AGREEMENT TO FURNISH HIS OWN TOOLS OR EQUIPMENT DOES NOT PRECLUDE FINDING THAT PREPARATION OR PRELIMINARY USE THEREOF IS IN COURSE OF EMPLOYMENT. That an employee is to furnish his own tools or equipment does not necessarily preclude a finding that an act

involving the preparation or preliminary use thereof is in the course of the employment; that question depending on the time, place, nature, and character of the act, and its relationship or incidence to the employment.

3.  MASTER AND SERVANT—FINDING THAT ACCIDENT "AROSE OUT OF OR IN COURSE OF EMPLOYMENT" PROPER.  Where one employed to haul brick from his employer's brick yard was injured therein while nailing up the end board of his wagon preparatory to loading it, the Industrial Commission, in view of the policy of the Workmen's Compensation Law and the liberal rule of construction thereof, did not exceed its powers in finding that the accident "arose out of or in the course of the employment"; the reasonable inference being that the act was peculiar, and immediately related, to the particular work for which he was employed.[1]

Proceedings by Bryan D. Roberts for compensation under the Workmen's Compensation Act for injuries sustained while in the employ of Lars Frandsen.  On writ of review by the employer to annul an order of the Industrial Commission awarding compensation.

AWARD AFFIRMED.

*George Christensen,* of Price, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for respondent.

CHERRY, J.

The plaintiff, by writ of review herein, seeks the annulment of an order of the defendant, under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165), awarding compensation to Bryan D. Roberts for injuries sustained.
The facts of legal import are, in substance, as follows:
In May, 1922, Lars Frandsen, the plaintiff, was conducting a brickyard or kiln in or near Price, Utah.  He sold a quan-

---

[1] *Chandler* v. *Industrial Commission,* 55 Utah, 213, 184 Pac. 1020, 8 A. L. R. 930.

tity of brick to one Campbell for use at Helper, Utah. Frand-
sen originally was to deliver the brick f. o. b. cars at Price
to be transported by rail to Helper: The railroad switch
being out of repair, it was arranged between Frandsen and
Campbell to have a portion of the brick hauled in wagons;
that Frandsen was to load them on the wagons, and Camp-
bell was to pay for the hauling. Frandsen thereupon, and
without disclosing the relationship of Campbell to the mat-
ter, employed Bryan D. Roberts and two others to haul brick
from Price to Helper at the agreed price of $5.25 per thous-
and. About 2 o'clock p. m. on May 29, 1922, the men came
to Frandsen's premises with their teams and wagons. Frand-
sen was present, in charge, and directed the loading. Before
loading the brick it was necessary to fix racks and end boards
on the wagons to hold the brick. It was agreed by the three
employees that Roberts should fix up the racks while the other
two were loading, and that they would help Roberts to load
when he was ready. While the other two men were load-
ing brick, Roberts fixed one wagon, not his own, and while
fixing his own by "driving a nail on the end board," the
nail glanced out and struck him in the left eye whereby the
sight was destroyed. Roberts, not thinking his injury serious
at the time, continued his work and assisted in loading his
own wagon, when his eye hurt him so badly that at Frand-
sen's direction he quit.

Pursuant to an agreement between themselves, Campbell,
the purchaser, paid to Frandsen the cost of hauling, which
was paid to the employees by Frandsen. It was not claimed
that Roberts had any notice or knowledge of Campbell's
relation to the transaction.

The defendant Industrial Commission awarded compensa-
tion to Roberts upon finding that he was regularly employed
at the time by the plaintiff and was injured by reason of
an accident arising out of or in the course of his employ-
ment.

The plaintiff contends that there is no evidence to support
the finding that Roberts was employed by him, but that the
evidence shows that Campbell, the purchaser of the brick, was

the employer and that the plaintiff merely acted for Campbell in the matter as an accommodation.

It is not claimed that Roberts was an independent contractor.

The evidence is clear that Frandsen was conducting the brickyard; that he employed the workmen to haul the brick without making any mention of Campbell whatever; that at the time of the accident he was personally present directing the work; that he paid the workmen.

It cannot be said that his undisclosed agency for Campbell could affect the legal relationship between him and the employees.   31 Cyc. 1555; *Morris & Co.* v. *Malone*, 200 Ill. 132, 65 N. E. 704, 93 Am. St. Rep. 180; *Scott* v. *O. A. Hankinson & Co.*, 205 Mich. 353, 171 N. W. 489; 1 Honnold, Work. Comp. 119; Cyc. Work. Comp. Acts, 46, note 29 (a).

The finding of the Industrial Commission that the plaintiff was the employer of Roberts at the time of the injury must be sustained.

The difficult question is whether the Commission was justified in finding that the injury arose out of or in the course of the employment of Roberts.

The plaintiff contends that Roberts did not enter upon the employment of hauling brick at all; that before he could enter upon that employment under his engagement it would be necessary for him to have his team and wagon completely equipped upon which to load the brick; that Roberts was engaged in so preparing his wagon when the accident occurred; and that it therefore did not arise out of or in the course of his employment.   This argument is somewhat disputed by the fact, established by the evidence, that the three employees had arrived upon the ground and had agreed between themselves to assist each other in loading the brick on the three wagons, and that while two of them were loading and Roberts was fixing the racks on the wagons the accident occurred.

The actual occupation of the men, under the circumstances, lends much force to the claim that they had all actually entered upon their employment.

But aside from this consideration there are present in the case these three elements which are usually noticed .in determining the vexing question presented, namely: (1) The employee was on the employer's premises for the purpose of the employment at a proper time and place; (2) he was performing an act necessary to enable him to proceed with his employment; (3) the act was so far connected with and incidental to his employment that it would not have been done but for the employment.

It is not decided in this case that either one of these three elements, standing alone, would be decisive of the question.

The general rule is laid down in Cyc. Workmen's Compensation Acts, p. 83, as follows:

"Where the employee is injured while doing something not strictly within his obligatory duty, but which is incidental thereto, he may be entitled to compensation. Of this character are injuries sustained while the employee is preparing to begin work after arriving at the employer's premises, or preparing to leave when the work is over," etc.

In 1 Honnold, Workmen's Comp. p. 349, it is said:

"An employee is not, like a part of a machine operated by him, fixed to precisely the mechanical movements he must perform in order to discharge his industrial function."

And again, at page 360:

"The preparation necessary for the beginning of work after the employer's premises are reached is a part of the employment."

In *Brown* v. *City of Decatur*, 188 Ill. App. 147, where a workman for the city waterworks was ordered to bring his rubber boots and assist in fixing a leak in the water mains between railroad tracks, and, after his arrival, when he was attempting to go to a hand car for the purpose of sitting on it to take off his shoes and put on his boots, he was struck by a train and killed, it was held that he was in the performance of an act incidental to his employment, and compensation was allowed.

That the employee is to furnish his own tools or equipment does not necessarily preclude the finding that a particular act, involving the preparation or preliminary use of such tools or equipment, is in the course of the

employment. That question still depends upon the time, place, nature, and character of the act and its relationship or incidence to the employment.

Roberts was employed to haul brick with a team and wagon from his employer's brickyard. As a necessary antecedent to the actual hauling, he must load the brick on his wagon; and in loading, it is but natural and reasonable that he would be required to adjust his rack or wagon box according to the demands of the particular work. When injured, he was "driving a nail on the end board." While the evidence is not specific on the subject, we may reason- 3 ably infer from the situation that the act was peculiar to the particular work for which he was employed, and immediately related to it. At least, the case is sufficiently doubtful to preclude us from saying that the accident did not arise out of or in the course of the employment. *Chandler* v. *Ind. Comm.*, 55 Utah, 213, 184 Pac. 1020, 8 A. L. R. 930.

The case presents somewhat novel circumstances, and its solution is not free from difficulty; but in view of all the facts in the case, the purpose and policy of the law, and the liberal rule of construction established by this court (*Chandler* v. *Ind. Comm.*, supra), we cannot say that the Industrial Commission acted without or in excess of its powers, when it found that the accident arose out of or in the course of the employment.

Award affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.