(No. 12512.—Reversed and remanded.)

THE UNION BRIDGE AND CONSTRUCTION COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (MAMIE WILLIAMS, Defendant in Error.)

*Opinion filed February 20, 1919—Rehearing denied April 4, 1919.*

1. CONFLICT OF LAWS—*statute may create rights and liabilities arising from acts occurring outside State.* No statute has any effect as a law, by its own force, beyond the territorial limits of the State, and if it is enforced in any other jurisdiction it is by the rule of comity; but a law effective in this State, as such, may create rights and liabilities arising from acts occurring outside of the State.

2. SAME—*extent of concurrent jurisdiction upon Ohio river to which Illinois is entitled under Virginia Compact of 1789.* Two independent political sovereignties cannot exercise legislative authority over the same place and subject at the same time, and the concurrent jurisdiction upon the Ohio river which this State is entitled to exercise with the State of Kentucky under the Virginia Compact of 1789 is limited to laws relating to rights and liabilities on the river itself, and does not extend to structures attached to the river bed and within the boundary of one or the other State.

3. WORKMEN'S COMPENSATION—*whether the Compensation act extends to injuries outside the State depends on construction of its provisions.* The General Assembly may lawfully provide that an employer under the Workmen's Compensation act shall pay compensation for injuries suffered by an employee outside of the State, but whether the present Compensation act extends to such injuries must depend upon the construction of the provisions of the act.

4. SAME—*employer accepting Compensation act does not agree to pay for injuries not included within the act.* The Workmen's Compensation act, on account of its elective features, creates a contract obligation, but the obligation so created is that the employer will provide and pay compensation according to the provisions of the act, and he does not agree to provide and pay compensation for injuries not included within the act.

5. SAME—*Illinois Compensation act does not authorize compensation for injury occurring outside of State.* There is no provision of the Illinois Workmen's Compensation act which can be construed to authorize compensation for an injury occurring outside of the State, but, on the contrary, the various provisions of the act, including the title, show that it was not the legislative intention to provide for such compensation.

WRIT OF ERROR to the Circuit Court of Massac county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

RUSSELL B. JAMES, and MULKEY & LEONARD, for plaintiff in error.

MUNSON T. CASE, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Eloy Williams was employed by the plaintiff in error, the Union Bridge and Construction Company, which was engaged in constructing a railroad bridge across the Ohio river from the city of Metropolis to the Kentucky shore. Williams was what was called a "sandhog" and worked in a gang under the direction of a straw-boss called Soldier. His gang was working on bridge pier No. 4, 1185 feet south of the low-water mark of the Ohio river on the Illinois shore, in a caisson, taking out the sand and mud to sink the caisson in the river. On July 22, 1916, he fell into the river while walking across a gangplank connecting the pier with a barge moored thereto for the use of the sandhogs to wash up and rest and get coffee, and he was drowned. He was nineteen years old and unmarried, and his death having arisen out of and in the course of his employment, his mother, the defendant in error, Mamie Williams, applied for compensation under the Workmen's Compensation act. The arbitrator rejected the claim, and on a review by the Industrial Commission the decision of the arbitrator was reversed and an award made. The plaintiff in error sued out of the circuit court of Massac county a writ of *certiorari,* and the court confirmed the award and certified that the cause was a proper one to be reviewed by this court.

It is assigned for error that the circuit court erred in holding the Workmen's Compensation act to apply to injuries occurring outside of the State.

No law of this State has any effect as a law, by its own force, beyond the territorial limits of the State, and if it is enforced in any other jurisdiction it is by the rule of comity, but a law effective in this State as such may create rights and liabilities arising from acts occurring outside of the State. It would have been competent for the General Assembly to provide by the Workmen's Compensation act that the employer should pay compensation for injuries suffered outside of the State. The Workmen's Compensation act does not in specific terms limit the right to an award to accidental injuries occurring in the State, and whether it extends to such injuries must depend upon the construction of the various provisions of the act. (*Friedman Manf. Co.* v. *Industrial Com.* 284 Ill. 554.) By article I of the constitution the boundary of this State along the Ohio river is its northwestern shore, but it provides that the State may exercise such jurisdiction upon the river as it is entitled to, and by the Virginia Compact of 1789 this State may exercise concurrent jurisdiction upon the river with the State of Kentucky. The exact nature of the concurrent jurisdiction does not seem to have been adjudicated. It is a general rule that two independent political sovereignties cannot exercise legislative authority over the same place and subject at the same time, but if this State may enact laws operative on the Ohio river, the Supreme Court of the United States has limited such jurisdiction to laws relating to rights and liabilities on the river. In the case of *Wedding* v. *Meyler,* 192 U. S. 573, that court construed the compact to mean that the two States should have concurrent jurisdiction "on" the river, but that the jurisdiction did not extend to structures attached to the river bed and within the boundary of one or the other State. In that view of the concurrent jurisdiction the employment of Williams was beyond the territorial limits of this State, and the right to compensation depends upon the question whether the Compensation act covers such employment.

The constitution requires that the subject of an act shall be expressed in the title, and the title of the Workmen's Compensation act, so far as it relates to the question under consideration, is, "An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or deaths suffered in the course of employment within this State." It takes from the employers in hazardous occupations electing not to provide and pay compensation according to the act, various defenses otherwise allowed by the laws of this State, and provides in section 19$b$ that upon an injury occurring, the arbitrator or committee of arbitration shall make such inquiries and investigations as he or they shall deem necessary, and may examine and inspect all books, papers, records, places or premises relating to the questions in dispute and hear such proper evidence as the parties may submit, and the hearings before the arbitrator or committee of arbitration shall be held in the vicinity where the injury occurred. The provisions for a personal inspection by the arbitrator or committee of arbitration of the premises relating to the question in dispute was intended to furnish evidence concerning the rights of the parties and could not have been intended to apply to premises beyond the boundaries of the State without an express provision to that effect. That provision, together with the requirement as to the place of the hearing, negatives any intention to make the act effective beyond the boundaries of the State. Section 19$g$ provides that either party may present a certified copy of the decision of the Industrial Commission when no proceedings for review have been taken, or upon a review to the circuit court of the county in which the accident occurred or either of the parties are residents, which confirms the conclusion arising from the title and section 19$b$.

The Compensation act has been held, on account of its elective features, to create a contract obligation, but the obligation so created is that the employer will provide and

pay compensation according to the provisions of the act, and he does not agree to provide and pay compensation for injuries not included within the act. The Supreme Court of Massachusetts in the case of *In re Gould,* 215 Mass. 480, in view of the general rule that in the absence of language to the contrary it is not to be presumed that statutes are designed to fix the rights of parties beyond the territorial limits of the State, and finding in the language of the Massachusetts statute no intent that it should have extraterritorial effect, held that it did not apply to an injury received out of the State. There have been decisions in other States that compensation is to be awarded for injuries occurring beyond the territorial limits of the State, but they have been based upon provisions of the acts showing such a legislative intention. The decision of the Supreme Court of Indiana in *Hagenback* v. *Leppert,* 117 N. E. Rep. 531, is typical of such cases. The claimant there was a hostler of a circus and was injured in the course of his employment at Joliet, in this State, and the decision was based on section 20 of the Indiana Workmen's Compensation act, which is as follows: "Every employer and employee under this act, except as provided in section 19, shall be bound by the provisions of the act whether injury by accident or death resulting from such injury occurs within the State or in some other State or in a foreign country." The decision was within the rule that the act being elective in its nature, every provision of the act became a part of the contract and the employer became bound to pay according to the terms of the act. The Workmen's Compensation act of this State is remedial in its nature and should be liberally construed to carry out its beneficent object, but there is no provision which can be construed to authorize compensation for an injury occurring outside of the State.

The judgment of the circuit court is reversed and the cause is remanded, with directions to quash the proceedings of the board of arbitration.

*Reversed and remanded, with directions.*