BRADFORD ELECTRIC LIGHT CO., INC. *v.* CLAPPER, ADMINISTRATRIX.

No. 423. Argued February 15, 16, 1932.—Decided May 16, 1932.

146

See 284 U. S. 221.

*Messrs. Stanley M. Burns* and *George T. Hughes,* with whom *Mr. Wm, E, Leahy* was on the brief, for petitioner.

*Mr. Robert W. Upton,* with whom *Mr. John E. Benton* was on the brief, for respondent.

148

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This action for damages was brought in a court of New Hampshire under the employers' liability provisions of the Employers' Liability and Workmen's Compensation Act of that State, N. H. Public Laws, 1926, c. 302, to recover for the death of Leon J. Clapper, which the plaintiff claimed was due to his employer's negligence. The case

was removed to the federal court on the ground of diversity of citizenship; the defendant, Bradford Electric Light Co., Inc., being a citizen and resident of Vermont and the plaintiff, Jennie M. Clapper, administratrix, being a citizen and resident of New Hampshire. It appeared that the Company had its principal place of business in Vermont and lines extending into New Hampshire; that Leon Clapper, a resident of Vermont, was employed by it there as a lineman for emergency service in either State; and that in the course of his duties, he was sent to restore some burned-out fuses at a substation in New Hampshire and while doing so was killed. The Company, invoking the full faith and credit clause of the Federal Constitution, set up as a special defense that the action was barred by provisions of the Vermont Compensation Act; that the contract of employment had been entered into in Vermont, where both parties to it then, and at all times thereafter resided; and that the Vermont Act had been accepted by both employer and employee as a term of the contract.

The District Court ruled that the action was properly brought under the laws of the State of New Hampshire; that the action was based on a tort occurring in that State; and that the Vermont Workmen's Compensation Act had no extra-territorial effect. Accordingly, that court rejected the special defense and denied a motion to dismiss. The case was tried three times before a jury, the third trial resulting in a verdict for the plaintiff in the sum of $4,000. The judgment entered thereon was first reversed by the Circuit Court of Appeals. But upon a rehearing, the judgment of the trial court was affirmed, one judge dissenting. 51 F. (2d) 992, 999. The Company filed in this Court both an appeal and a petition for writ of certiorari. The appeal was denied, and certiorari granted. 284 U. S. 221.

The Vermont Workmen's Compensation Act provides that a workman hired within the State shall be entitled to compensation even though the injury was received outside the State, Vermont General Laws, c. 241, § 5770; that " employers who hire workmen within this state to work outside of the state, may agree with such workmen that the remedies under the provisions of this chapter shall be exclusive as regards injuries received outside this state by accident arising out of and in the course of such employment, and all contracts of hiring in this state shall be presumed to include such an agreement," § 5774; that every contract of employment made within the State shall be presumed to have been made subject to its provisions, unless prior to the accident an express statement to the contrary shall have been made, in writing, by one of the parties, § 5765; and that acceptance of the Act is " a surrender by the parties . . . of their rights to any other method, form or amount of compensation or determination thereof," § 5763. Neither the Company nor Leon Clapper filed a statement declining to accept any provision of the Vermont Act.

The New Hampshire Employers' Liability and Workmen's Compensation Act provides that the employer shall become subject to the workmen's compensation provisions of the Act only by filing a declaration to that effect, N. H. Public Laws, c. 178, § 4; and that even if the declaration is filed, the employee may, subsequent to the injury, still elect either to claim compensation, § 11, or to sue for damages at common law as modified by the employers' liability provisions of the Act. Failure to file such a declaration exposes the employer to a common law action of negligence in which the defenses of assumption of risk and injury by a fellow servant may not be interposed. §§ 2, 3. The Company filed in New Hampshire the declaration provided for by its statute.

Thus each State has a workmen's compensation law of the elective type; but their provisions differ sharply. The New Hampshire statute, unlike that of Vermont, permits the employee or his representative to elect, after the injury, to sue for damages as at common law; and it was as a result of such an election made by the administratrix that the case at bar arose. The main question for decision is whether the existence of a right of action for Leon Clapper's death should be determined by the laws of Vermont, where both parties to the contract of employment resided and where the contract was made, or by the laws of New Hampshire, where the employee was killed.

*First.* It clearly was the purpose of the Vermont Act to preclude any recovery by proceedings brought in another State for injuries received in the course of a Vermont employment. The provisions of the Act leave no room for construction.[1] The statute declares in terms that when a workman is hired within the State, he shall be entitled to compensation thereunder for injuries received outside, as well as inside, the State, unless one of the parties elects to reject the provisions of the Act. And it declares further that for injuries wherever received the remedy under the statute shall exclude all other rights and remedies of the employee or his personal representative. If the acci-

---

[1] *"Right to Compensation Exclusive:* The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter, shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury. Employers who hire workmen within this state to work outside of the state, may agree with such workmen that the remedies under the provisions of this chapter shall be exclusive as regards injuries received outside this state by accident arising out of and in the course of such employment, and all contracts of hiring in this state shall be presumed to include such an agreement." Vt. Gen. Laws, [1917] c. 241, § 5774.

154

dent had happened in Vermont, the statute plainly would have precluded the bringing of an action for damages in New Hampshire under its employers' liability act.[2] For such action is predicated on a tort; and in Vermont an injury resulting from the employer's negligence is not a tort, if the provisions of the Compensation Act have been accepted. The question is whether the fact that the injury occurred in New Hampshire leaves its courts free to subject the employer to liability as for a tort. That is, may the New Hampshire courts disregard the relative rights of the parties as determined by the laws of Vermont where they resided and made the contract of employment; or must they give effect to the Vermont Act, and to the agreement implied therefrom, that the only right of the employee against the employer, in case of injury, shall be the claim for compensation provided by the statute?

*Second.* If the conflict presented were between the laws of a foreign country and those of New Hampshire, its courts would be free, so far as the restrictions of federal law are concerned, to attach legal consequences to acts done within the State, without reference to the undertaking of the parties, entered into at their common residence abroad, that such consequences should not be enforced between them. But the conflict here is between the laws of two States; and the Company in setting up as a defense a right arising under the Vermont statute, invokes Art. IV, § 1, of the Federal Constitution, which declares that " full faith and credit shall be given in each State to the public acts . . . of every other State." That a statute

---

[2] Compare *Home Ins. Co.* v. *Dick,* 281 U. S. 397. No question is here raised of the character of that considered in *Atchison, T. & S. F. Ry. Co.* v. *Sowers,* 213 U. S. 55; and *Tennessee Coal, Iron & R. Co.* v. *George,* 233 U. S. 354, of the validity of an attempt to create a statutory cause of action and confine it to the courts of the enacting State.

is a " public act " within the meaning of that clause is settled. *Modern Woodmen of America* v. *Mixer*, 267 U. S. 544, 550, 551; *Aetna Life Ins. Co.* v. *Dunken*, 266 U. S. 389, 393. See *Tennessee Coal, Iron & R. Co.* v. *George*, 233 U. S. 354, 360; *Chicago & Alton R. Co.* v. *Wiggins Ferry Co.*, 119 U. S. 615, 622.[3] A federal court sitting in New Hampshire is bound equally with courts of the State to observe the command of the full faith and credit clause, where applicable.[4] The precise question for decision is whether that clause is applicable to the situation here presented.

*Third.* The administratrix contends that the full faith and credit clause is not applicable. The argument is that to recognize the Vermont Act as a defense to the New Hampshire action would be to give to that statute an

---

[3] See also *Bothwell* v. *Buckbee, Mears Co.*, 275 U. S. 274, 279; *Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining & M. Co.*, 243 U. S. 93, 96; *Western Life Indemnity Co.* v. *Rupp*, 235 U. S. 261, 274, 275; *Texas & New Orleans R. Co.* v. *Miller*, 221 U. S. 408, 416; *Louisville & Nashville R. Co.* v. *Melton*, 218 U. S. 36, 50–52; *El Paso & Northeastern Ry. Co.* v. *Gutierrez*, 215 U. S. 87, 92, 93; *Smithsonian Institute* v. *St. John*, 214 U. S. 19, 28; *Allen* v. *Alleghany Co.*, 196 U. S. 458, 464, 465; *Finney* v. *Guy*, 189 U. S. 335, 340; *Johnson* v. *New York Life Ins. Co.*, 187 U. S. 491, 496; *Eastern Bldg. & Loan Assn.* v. *Ebaugh*, 185 U. S. 114, 121; *Banholzer* v. *New York Life Ins. Co.*, 178 U. S. 402, 405, 406; *Lloyd* v. *Matthews*, 155 U. S. 222, 227, 228; *Glenn* v. *Garth*, 147 U. S. 360, 367, 369. Compare *Royal Arcanum* v. *Green*, 237 U. S. 531, 544, 545; *Converse* v. *Hamilton*, 224 U. S. 243, 260, 261; *Hancock National Bank* v. *Farnum*, 176 U. S. 640; *Crapo* v. *Kelley*, 16 Wall. 610; *Green* v. *Van Buskirk*, 5 Wall. 307. See 2 Farrand, " Records of the Federal Convention," pp. 188, 447, 577. Congress, acting under the authority of Article IV, § 1, has provided for the authentication of " acts of the legislature of any state or territory or of any country subject to the jurisdiction of the United States." Act of May 26, 1790, c. 11; Act of March 27, 1804, c. 56, § 2; Rev. Stat. § 905, U. S. Code, Tit. 28, § 687.

[4] Compare *Mills* v. *Duryee*, 7 Cranch 481; Rev. Stat. §§ 905, 906. See also *Minnesota* v. *Northern Securities Co.*, 194 U. S. 48, 72; *Cooper* v. *Newell*, 173 U. S. 555, 567.

extra-territorial effect, whereas a State's power to legis-
late is limited to its own territory.   It is true that full
faith and credit is enjoined by the Constitution only in
respect to those public acts which are within the legisla-
tive jurisdiction of the enacting State.   See *National
Mutual Bldg. & Loan Assn.* v. *Brahan,* 193 U. S. 635, 647;
*Olmsted* v. *Olmsted,* 216 U. S. 386, 395.[5]   But, obviously,
the power of Vermont to effect legal consequences by
legislation is not limited strictly to occurrences within its
boundaries.   It has power through its own tribunals to
grant compensation to local employees, locally employed,
for injuries received outside its borders, compare *Quong
Ham Wah Co.* v. *Industrial Accident Comm.,* 255 U. S.
445, dismissing writ of error, 184 Cal. 26; 192 Pac. 1021,
and likewise has power to exclude from its own courts
proceedings for any other form of relief for such injuries.[6]

---

[5] See also *New York Life Ins. Co.* v. *Head,* 234 U. S. 149, 161;
*Bonaparte* v. *Tax Court,* 104 U. S. 592, 594.   Compare *Atchison, T.
& S. F. Ry.* v. *Sowers,* 213 U. S. 55, 70; *Tennessee Coal, Iron & R.
Co.* v. *George,* 233 U. S. 354, 360.

[6] For decisions construing state workmen's compensation acts as
applicable, under appropriate circumstances, to injuries received out-
side the State, and upholding the validity of the acts as so construed,
see *Quong Ham Wah Co.* v. *Industrial Accident Comm.,* 184 Cal. 26,
36; 192 Pac. 1021; *Industrial Commission* v. *Aetna Life Ins. Co.,*
64 Colo. 480, 490; 174 Pac. 589; *Kennerson* v. *Thames Towboat Co.,*
89 Conn. 367, 375; 94 Atl. 372; *Metropolitan Casualty Ins. Co.* v.
*Huhn,* 165 Ga. 667, 670; 142 S. E. 121; *Beall Bros. Supply Co.* v.
*Industrial Comm.,* 341 Ill. 193, 199; 173 N. E. 64; *Pierce* v. *Bekins
Van & Storage Co.,* 185 Iowa 1346, 1356; 172 N. W. 191; *Saunder's
Case,* 126 Me. 144, 146; 136 Atl. 722; *Pederzoli's Case,* 269 Mass.
550, 553; 169 N. E. 427; *Crane* v. *Leonard, Crossette & Riley,* 214
Mich. 218, 231; 183 N. W. 204; *State ex rel. Chambers* v. *District
Court,* 139 Minn. 205, 208, 209; 166 N. W. 185; *State ex rel. Loney*
v. *Industrial Accident Board,* 87 Mont. 191, 195, 196; 286 Pac. 408;
*McGuire* v. *Phelan-Shirley Co.,* 111 Neb. 609, 611, 612; 196 N. W.
615; *Rounsaville* v. *Central R. Co.,* 87 N. J. Law 371, 374; 94 Atl.
392; *Post* v. *Burger & Gohlke,* 216 N. Y. 544, 549; 111 N. E. 351;
(compare *Smith* v. *Heine Safety Boiler Co.,* 224 N. Y. 9, 11, 12; 119

The existence of this power is not denied. It is contended only that the rights thus created need not be recognized in an action brought in another State; that a provision which Vermont may validly enforce in its own courts need not be given effect when the same facts are presented for adjudication in New Hampshire.

The answer is that such recognition in New Hampshire of the rights created by the Vermont Act, can not, in any proper sense, be termed an extra-territorial application of that Act.[7] Workmen's compensation acts are

N. E. 878; *Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394, 397; 169 N. E. 622); *Grinnell* v. *Wilkinson*, 39 R. I. 447, 462, 463; 98 Atl. 103; *Smith* v. *Van Noy Interstate Co.*, 150 Tenn. 25, 36; 26 S. W. 104; *Texas Employers' Ins. Assn.* v. *Volek*, 44 S. W. (2d) 795, 798 (Tex. Civ. App.); *Pickering* v. *Industrial Comm.*, 59 Utah 35, 38; 201 Pac. 1029; *Gooding* v. *Ott*, 77 W. Va. 487, 492, 493; 87 S. E. 862; *Anderson* v. *Miller Scrap Iron Co.*, 169 Wis. 106, 114, 115; 170 N. W. 275; 171 N. W. 935. A contrary construction was reached in *Altman* v. *North Dakota Workmen's Compensation Bureau*, 50 N. D. 215; 195 N. W. 287; *Sheehan Pipe Line Const. Co.* v. *State Industrial Comm.*, 151 Okla. 272, 273; 3 P. (2d) 199. Early decisions to like effect, in California, Illinois, and Massachusetts, have been superseded by statute. See *North Alaska Salmon Co.* v. *Pillsbury*, 174 Cal. 1; 162 Pac. 93; *Union Bridge & Construction Co.* v. *Industrial Comm.*, 287 Ill. 396, 398; 122 N. E. 609; *Gould's Case*, 215 Mass. 480; 102 N. E. 693. The provisions of the state statutes in respect to injuries occurring outside the state are summarized in Schneider, "The Law of Workmen's Compensation" (2d ed. 1932), vol. I, pp. 428–433.

[7] The statute does not undertake to prohibit acts beyond the borders of the State. Compare *Allgeyer* v. *Louisiana*, 165 U. S. 578; *Nutting* v. *Massachusetts*, 183 U. S. 553, 557. It does not attempt to forbid or regulate subsequent modification of the Vermont contract, or the formation of subsidiary contracts, or new agreements, by the parties in other States. Compare *New York Life Ins. Co.* v. *Head*, 234 U. S. 149; *New York Life Ins. Co.* v. *Dodge*, 246 U. S. 357. It affects only the rights and liabilities of parties who by their conduct within the State have subjected themselves to its operation. As to those parties, its effect is not to create a liability for acts without the State, compare *Western Union Telegraph Co.* v. *Brown*, 234 U. S. 542, but to give rise to a defense in consequence of acts within.

treated, almost universally, as creating a statutory relation between the parties—not, like employer's liability acts, as substituting a statutory tort for a common law tort. See *Cudahy Packing Co.* v. *Parramore*, 263 U. S. 418, 423; *Mulhall* v. *Nashua Mfg. Co.*, 80 N. H. 194, 197; 115 Atl. 449; *Matter of Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394, 396; 169 N. E. 622; *Chandler* v. *Industrial Commission*, 55 Utah 213, 217; 184 Pac. 1020; *Anderson* v. *Miller Scrap Iron Co.*, 169 Wis. 106, 113, 117, 118; 170 N. W. 275; 171 N. W. 935. The relation between Leon Clapper and the Company was created by the law of Vermont; and as long as that relation persisted its incidents were properly subject to regulation there. For both Clapper and the Company were at all times residents of Vermont; the Company's principal place of business was located there; the contract of employment was made there; and the employee's duties required him to go into New Hampshire only for temporary and specific purposes, in response to orders given him at the Vermont office. The mere recognition by the courts of one State that parties by their conduct have subjected themselves to certain obligations arising under the law of another State is not to be deemed an extra-territorial application of the law of the State creating the obligation.[8]  Com-

---

[8] See *Barnhart* v. *American Concrete Steel Co.*, 227 N. Y. 531, 535; 125 N. E. 675, denying recovery in a common law action for damages in the state of injury, on the ground that the employee's remedy was for compensation under the law of the state of employment. Compare *In re Spencer Kellogg & Sons*, 52 F. (2d) 129, 134, reversed on other grounds, 285 U. S. 502. Compensation was similarly denied in *Hall* v. *Industrial Comm.*, 77 Colo. 338, 339; 235 Pac. 1073; *Hopkins* v. *Matchless Metal Polish Co.*, 99 Conn. 457, 464; 121 Atl. 828; *Proper* v. *Polley*, 233 N. Y. App. Div. 621; 253 N. Y. S. 530. Compare *Scott* v. *White Eagle Oil & Rfg. Co.*, 47 F. (2d) 615, 616. See also *Darsch* v. *Thearle Diffield Fire Works Display Co.*, 77 Ind. App. 357; 133 N. E. 525. Compare *Wiley* v. *Grand Trunk Ry. of Canada*, 227 Fed. 127, 130; *Mexican Nat. R. Co.* v. *Jackson*, 118 Fed. 549, 552.

pare *Canada Southern Ry. Co.* v. *Gebhard,* 109 U. S. 527, 536, 537.

By requiring that, under the circumstances here presented, full faith and credit be given to the public act of Vermont, the Federal Constitution prevents the employee or his representative from asserting in New Hampshire rights which would be denied him in the State of his residence and employment. A Vermont court could have enjoined Leon Clapper from suing the Company in New Hampshire, to recover damages for an injury suffered there, just as it would have denied him the right to recover such damages in Vermont. Compare *Cole* v. *Cunningham,* 133 U. S. 107; *Reynolds* v. *Adden,* 136 U. S. 348, 353. The rights created by the Vermont Act are entitled to like protection when set up in New Hampshire by way of defense to the action brought there. If this were not so, and the employee or his representative were free to disregard the law of Vermont and his contract, the effectiveness of the Vermont Act would be gravely impaired. For the purpose of that Act, as of the workmen's compensation laws of most other States, is to provide, in respect to persons residing and businesses located in the State, not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate. Compare *New York Central R. Co.* v. *White,* 243 U. S. 188; *Hawkins* v. *Bleakly,* 243 U. S. 210; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219.

*Fourth.* It is urged that the provision of the Vermont statute which forbids resort to common law remedies for injuries incurred in the course of employment is contrary to the public policy of New Hampshire; that the full faith and credit clause does not require New Hampshire to enforce an act of another State which is obnoxious to its public policy; and that a federal court sitting in that State may, therefore, decline to do so. Compare *Union*

160

*Trust Co.* v. *Grosman,* 245 U. S. 412. It is true that the full faith and credit clause does not require the enforcement of every right conferred by a statute of another State. There is room for some play of conflicting policies. Thus, a plaintiff suing in New Hampshire on a statutory cause of action arising in Vermont might be denied relief because the forum fails to provide a court with jurisdiction of the controversy; see *Chambers* v. *Baltimore & Ohio R. Co.,* 207 U. S. 142, 148, 149; compare *Douglas* v. *New York, N. H. & H. R. Co.,* 279 U. S. 377; or because it fails to provide procedure appropriate to its determination, see *Tennessee Coal, Iron & R. Co.* v. *George,* 233 U. S. 354, 359; compare *Slater* v. *Mexican National R. Co.,* 194 U. S. 120, 128, 129; or because the enforcement of the right conferred would be obnoxious to the public policy of the forum, compare *Bothwell* v. *Buckbee, Mears Co.,* 275 U. S. 274, 277–279; *Union Trust Co.* v. *Grosman,* 245 U. S. 412; *Bond* v. *Hume,* 243 U. S. 15, 25; *Converse* v. *Hamilton,* 224 U. S. 243, 260, 261; or because the liability imposed is deemed a penal one, see *Galveston, H. & S. A. Ry. Co.* v. *Wallace,* 223 U. S. 481, 490, compare *Stewart* v. *Baltimore & Ohio R. Co.,* 168 U. S. 445, 448. But the Company is in a position different from that of a plaintiff who seeks to enforce a cause of action conferred by the laws of another State. The right which it claims should be given effect is set up by way of defense to an asserted liability; and to a defense different considerations apply. Compare *Home Ins. Co.* v. *Dick,* 281 U. S. 397, 407, 408. A State may, on occasion, decline to enforce a foreign cause of action. In so doing, it merely denies a remedy, leaving unimpaired the plaintiff's substantive right, so that he is free to enforce it elsewhere. But to refuse to give effect to a substantive defense under the applicable law of another State, as under the circumstances here presented, subjects the defendant to irremediable liability. This may not be done. Compare *Modern Woodmen*

*of America* v. *Mixer,* 267 U. S. 544, 550, 551; *Aetna Life Ins. Co.* v. *Dunken,* 266 U. S. 389; *Royal Arcanum* v. *Green,* 237 U. S. 531. See also *Western Union Telegraph Co.* v. *Brown,* 234 U. S. 542; *Atchison, T. & S. F. Ry. Co.* v. *Sowers,* 213 U. S. 55, 69.

Moreover, there is no adequate basis for the lower court's conclusion that to deny recovery would be obnoxious to the public policy of New Hampshire. No decision of the state court has been cited indicating that recognition of the Vermont statute would be regarded in New Hampshire as prejudicial to the interests of its citizens.[9] In support of the contention that the provision of the Vermont Act is contrary to the New Hampshire policy, it is urged that New Hampshire's compensation law is unique among workmen's compensation acts in that it permits the injured employee to elect, subsequent to injury, whether to bring a suit based upon negligence or to avail himself of the remedy provided by the Act; and that the legislature of New Hampshire has steadily refused to withdraw this privilege.[10] But the mere fact that the Vermont legislation does not conform to that of New

[9] Compare *Saloshin* v. *Houle,* 155 Atl. 47, an action of negligence by the widow of a New York resident killed in New Hampshire while working for a New York firm, brought against a third person residing in New Hampshire. The Supreme Court of New Hampshire held that the widow's right of action was barred by her acceptance of compensation under the New York Act, and that the acceptance, in accordance with the provisions of that Act, operated as an assignment to the compensation insurer of her rights against the defendant.

[10] Attention is called to the following rejected compensation bills abolishing the right of election after accident: 1915 Session, House Bills No. 206, 302, Journal, pp. 720, 1021; 1917 Session, House Bills No. 319, 485, Journal, pp. 567, 568; 1919 Session, House Bill No. 134, Journal, p. 437; 1927 Session, House Bill No. 212, Journal, p. 752; 1929 Session, House Bill No. 292, Journal, p. 752. In 1923 the statute was amended to increase the compensation, N. H. Laws, 1923, c. 91; and in 1925, as amended, it was reënacted without change, N. H. Public Laws, c. 178.

Hampshire does not establish that it would be obnoxious to the latter's public policy to give effect to the Vermont statute in cases involving only the rights of residents of that State incident to the relation of employer and employee created there. *Northern Pacific R. Co.* v. *Babcock,* 154 U. S. 190, 198. Nor does sufficient reason appear why it should be so regarded. The interest of New Hampshire was only casual. Leon Clapper was not a resident there. He was not continuously . employed there. So far as appears, he had no dependent there. It is difficult to see how the State's interest would be subserved, under such circumstances, by burdening its courts with this litigation.

*Sixth.* The administratrix urges that the Company had in fact accepted the provision of the New Hampshire Compensation Act, which reserves to the employee the right to elect to sue for damages as at common law. It was upon this ground, primarily, that the Circuit Court of Appeals based, upon the rehearing, the affirmance of the judgment of the District Court. The circumstances under which the acceptance of the New Hampshire Act was filed show that the Company did not intend thereby to abandon its rights under the Vermont law in respect to Leon Clapper or other employees similarly situated. It had had occasion to hire in New Hampshire residents of that State for employment there in connection with the operation of its lines in that State. In case of injury of such employees, failure to accept the New Hampshire Act would have made the petitioner liable to an action for negligence in which it would have been denied the defenses of assumption of risk and injury by a fellow servant. *Jutras* v. *Amoskeag Mfg. Co.,* 84 N. H. 171, 173; 147 Atl. 753; *Levesque* v. *American Box & Lumber Co.,* 84 N. H. 543; 153 Atl. 10. Its acceptance is to be construed as referable only to such New Hampshire em-

ployees, and not as bringing under the New Hampshire Act employees not otherwise subject to it.

We are of opinion that the rights as between the Company and Leon Clapper or his representative are to be determined according to the Vermont Act. The judgment of the Circuit Court of Appeals must accordingly be reversed. We have no occasion to consider whether if the injured employee had been a resident of New Hampshire, or had been continuously employed there, or had left dependents there, recovery might validly have been permitted under New Hampshire law.

*Reversed.*

Mr. Justice Cardozo took no part in the consideration or decision of this case.

Mr. Justice Stone, concurring.

I agree that in the circumstances of the present case, the courts of New Hampshire, in giving effect to the public policy of that state, would be at liberty to apply the Vermont statute and thus, by comity, make it the applicable law of New Hampshire. In the absence of any controlling decision of the New Hampshire courts, I assume, as does the opinion of the Court, that they would do so and that what they would do we should do. Hence, it seems unnecessary to decide whether that result could be compelled, against the will of New Hampshire, by the superior force of the full faith and credit clause.

If decision of that question could not be avoided, I should hesitate to say that the Constitution projects the authority of the Vermont statute across state lines into New Hampshire, so that the New Hampshire courts, in fixing the liability of the employer for a tortious act committed within the state, are compelled to apply Vermont law instead of their own. The full faith and credit clause

has not hitherto been thought to do more than compel recognition, outside the state, of the operation and effect of its laws upon persons and events within it. *Bonaparte* v. *Tax Court,* 104 U. S. 592; *Atchison, T. & S. F. Ry. Co.* v. *Sowers,* 213 U. S. 55; *Olmsted* v. *Olmsted,* 216 U. S. 386; *Tennessee Coal, Iron & R. Co.* v. *George,* 233 U. S. 354; *Hood* v. *McGehee,* 237 U. S. 611; see *Union Trust Co.* v. *Grosman,* 245 U. S. 412, 415, 416; *Western Union Telegraph Co.* v. *Brown,* 234 U. S. 542, 547.

It is true that in this case the status of employer and employe, terminable at will, was created by Vermont laws operating upon them while they were within that state. I assume that the fact of its creation there must be recognized elsewhere, whenever material. But I am not prepared to say that that status, voluntarily continued by employer and employe and given a *locus* in New Hampshire by their presence within the state, may not be regulated there according to New Hampshire law, or that the legal consequences of acts of the employer or employe there, which grow out of or affect the status in New Hampshire, must, by mandate of the Constitution, be either defined or controlled, in the New Hampshire courts, by the laws of Vermont rather than of New Hampshire.

The interest, which New Hampshire has, in exercising that control, derived from the presence of employer and employe within its borders, and the commission of the tortious act there, is at least as valid as that of Vermont, derived from the fact that the status is that of its citizens, and originated when they were in Vermont, before going to New Hampshire. I can find nothing in the history of the full faith and credit clause, or the decisions under it, which lends support to the view that it compels any state to subordinate its domestic policy, with respect to persons and their acts within its borders, to the laws of any other. On the contrary, I think it should be interpreted as leaving the courts of New Hampshire free, in

the circumstances now presented, either to apply or refuse
to apply the law of Vermont, in accordance with their
own interpretation of New Hampshire policy and law.