MEMORANDUM
ADKINS, J.
This is a suit to restrain the enforcement of an award made by Deputy Commissioner Hoage on June 20, 1930.
The award grew out of the death of Robert L. Stamps on December 4, 1929. Hinkle Brothers Company, of Alabama, had the subcontract to construct the roof on a building at the Walter Reed General Hospital in the District of Columbia; Stamps had been employed by Hinkle Brothers Company on other contracts in various states; his contract of employment was made in Alabama. Stamps came to the District from Pennsylvania and remained until his death, which grew out of and occurred in the course of employment.
The contention of the Insurance Company is that under the Alabama statute the exclusive remedy of dependents of Stamps was in Alabama.
The original bill was filed July 1, 1930. A motion to dismiss was sustained but the order was not signed. An amended bill was filed March 24, 1933. There is no substantial difference between it and the original bill. In the meantime the Supreme Court has decided the case of Bradford Electric Light Company v. Clapper, 286 U. S. 145, which case, plaintiff contends, requires the court to sustain its position.
Defendant relies upon the decision of Ohio v. Chattenooga Boiler and Tank Co., 289 U. S. 439. I think this case is controlling and therefore sustain the motion to dismiss the amended bill.
1. In the Bradford case the company and Clapper were both residents of Vermont; Clapper was employed in and worked in Vermont but incidentally went across the border to repair electric lines in New Hampshire and was killed while *139 engaged in that incidental work. In the present case the employer was engaged in a major operation within the District of Columbia, and the operation was one which would occupy some time.
2. The Vermont statute expressly excludes all remedies in other jurisdictions. The Supreme Court held that it “was the purpose of the statute to preclude any recovery by proceedings brought in another state for injuries received in the course of a Vermont employment” (286 U. S. 153).
I do not understand that the Alabama statute excludes all remedies in other states. As I read that statute Mrs. Stamps could have proceeded in Alabama originally, and had she received compensation under the Alabama statute, that compensation would have been in lieu of the right to proceed in the District of Columbia.
The Tennessee statute involved in the case of Ohio v. Chattanooga Boiler etc. Co. is quite similar to the Alabama statute. One Tidwell, a resident of Tennessee, had engaged in a major enterprise for his employer in Ohio and was killed while there. His widow proceeded in Ohio and was awarded a sum about twice as great as she would have received in Tennessee. The state of Ohio, acting on behalf of Mrs. Tidwell, then brought suit to recover from the employer the amount awarded by its Commission.
While the proceedings were pending in Ohio Mrs. Tidwell also started proceedings in Tennessee. She was denied relief there. The court put its denial on the ground that by instituting proceedings in Ohio she had renounced any right under the Tennessee statute and that her election thus made was irrevocable (289 U. S. 444).
In the suit brought by the state of Ohio against the employer the Supreme Court held that the full faith and credit clause of the Constitution does not require that greater effect be given the Tennessee statute elsewhere than is given in its own courts.
(Appeal noted January 13, 1934, Ed.)
The construction given by the Tennessee courts to the Tennessee statute seems to be reasonable. I think the same construction should be given to the Alabama statute. If this is so, Mrs. Stamps under that statute had the right to proceed either in Alabama or in the District of Columbia. Having elected to proceed here she lost her rights under the Alabama law.
3. Even if the proper construction of the Alabama statute is that the remedy under it is exclusive, I think that the public policy declared by Congress requires that it be not given force in the District of Columbia.
The act of May 17, 1928, declares that the provisions of the Longshoremen’s and Harbor Workers’ Compensation Act shall apply in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia.
This language covers the present case. I read it to be a declaration of policy that under such circumstances the injured employee or his dependents have the right to relief in the District of Columbia even though a similar right may exist in another state.
The motion to dismiss the amended bill is sustained.