## STEPP v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED.

### No. 191.

District Court, N. D. Texas, Dallas Division.

Dec. 22, 1939.

W. B. Handley, of Dallas, Tex., for the motion.

Julian Hyer and Boykin & Seideman, all of Fort Worth, Tex., opposed.

ATWELL, District Judge.

The plaintiff claims to have been an employee, in the state of New Mexico, of J. P. White Company. That on October 26th, 1937, while in the regular course of his employment, a truck in which he was riding, turned over, pinning him beneath it, and that his resultant injuries were a fractured leg, near the hip, a broken left ankle, and serious oil burns. That the defendant was the workmen's compensation insurer of the said employer. That it hired two El Paso physicians to operate upon him, after the accident, taking him to an hospital in El Paso for that purpose. That in the operation, his ankle was cut open, and three ordinary nails driven into the bones. That the nails later infected his ankle, causing a continual drainage, and that he is totally and permanently disabled.

He sues for the benefits to which he is entitled under the New Mexico statute dealing with such compensation. Comp.St. N.M.1929, § 156-101 et seq. He now lives in Texas, and the defendant is chartered under the laws of Great Britain, with its principal office in Boston, doing business in the states of New Mexico and Texas, with its Texas headquarters in Dallas, where this suit was brought.

The defendant moves to dismiss on three grounds: (a) The cause arises under a statute in New Mexico and is different from the compensation law of Texas. Vernon's Ann.Civ.St.Tex. art. 8306 et seq. The procedure and method of administering the New Mexico act may be enforced only in the "state or national courts of New Mexico." (b) The claim for compensation was not filed within one year. (c) A district court of the state of New Mexico has entered a final judgment in a suit by the plaintiff against the defendant, wherein the plaintiff recovered $2500, and that it was therein adjudicated that certain other benefits which he had received, together with the amount mentioned, were in full settlement of his claim.

 Upon a hearing the testimony seems to show that the claim was filed within the time required by the statute. Comp.St.N.M.1929, § 156-113. The plaintiff asserts that the New Mexico judgment was secured by fraud; that he had no part in any of its proceedings; that the suit was instituted not by him, but by someone else, and that he was induced to accept $2500 by fraudulent misrepresentations made to him. These two questions, therefore, may be tentatively ruled against the defendant in so far as this motion is concerned.

The first ground for dismissal calls for more extended consideration. The New Mexico compensation statute is administratively quite unlike the Texas statute. There is no Board in the New Mexico procedure. The court is the officiating and administering agent. While the New Mexico statute allows the employer to be made a party to a suit against the insurer, such a party is only nominal. In this suit the defendant has already assumed its liability to the plaintiff in the stead of the employer. The judgment must contain an order directing the payment of amounts at regular intervals during the continuance of the disability, and executions are made by the clerk of the court upon the filing of an affidavit by the workman, of non-payment, and of the continuance of disability, provided such execution shall not issue if the liable party shall have filed an application for the appointment of a physician to examine the workman. In that event, execution shall await the further order of the court. A judgment may be reviewed and either diminished, or, terminated, if the facts developed at a hearing for that purpose show a decrease, or, termination of disability.

This court is confronted by a divergent holding of the Circuit Court of Appeals for this circuit, and of a high court of the state of Texas. These two holdings are shown respectively, in United Dredging Company v. Lindberg et al., 18 F.2d 453, in 1927, and Johnson v. Employers Liability Assurance Corporation, Tex.Civ.App., 99 S.W.2d 979, in 1936. Both cases were based upon the Louisiana statute, Act No. 20 of 1914, and both cases were brought in Texas. The national court held that the rule that a statute of one state will be enforced by courts outside of that state should be applied to the workmen's compensation laws, "unless some insuperable obstacle is presented." The Louisiana statute provided at that time for its enforcement in the courts of that state, and for a review and modification after the expiration of a year from its entry. Act No. 20 of 1914. The court said that there did not appear to be any reason that would prevent a court that had once taken jurisdiction, from granting a review and modification of its judgment after the term had expired.

The state court, whose voice was approved by the state supreme court, declined jurisdiction, saying that each state determines whether, and to what extent, its courts will entertain jurisdiction of transitory actions arising in other jurisdictions under their peculiar statutes. It then pointed out that the Louisiana act was not administered by a Board, but was left to the agreement of parties, or, by one of the judges, while in Texas we have a Board, and that there could be a reversal, or, modification of the judgment which awarded compensation to the employee which would be denied to the parties if a Texas court assumed jurisdiction.

The case of Mexican National Railway Company v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276, 59 Am.St.Rep. 28, by the supreme court of Texas, was a case in which that court declined jurisdiction over a Mexican railway for an injury suffered by an employee in that republic.

 In 1926, the Circuit Court of Appeals for the Eighth Circuit, in Texas Pipe Line Company v. Ware, 15 F.2d 171, sustained jurisdiction of a suit arising in the state of Arkansas for a workman who sought his rights under the Louisiana statute. There is an extensive review of

authorities with a reaffirmation of the general rule that there may be pursued in a national court a right created by a state, provided, of course, that there is no public policy forbidding the remedy sought in the forum where the relief is asked.

To these authorities must be added the case of Slater v. Mexican National Railway Company, 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900. In that case the Supreme Court declined to enforce a foreign cause of action, because of the provisions of the Mexican law. That law carried certain contingencies. Generally, and summarily, I think the Slater case, and the Jackson case, by the supreme court of Texas, need not rule here, for the reason that the constitutional full faith and credit provision does not apply in those two controversies.

In Bradford Electric Light Company v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696, it was definitely determined that the workmen's compensation laws of one state may be enforced in the Federal courts of another state. The courts of a state, including Federal courts sitting therein, in which an injury occurred to an employee who had entered into the contract of employment in another state, in which both parties to it resided, are bound by the full faith and credit clause of the Federal Constitution, U.S.C.A.Const. art. 4, § 1, to give effect to the workmen's compensation statute of such other state, which formed a part of the contract of employment and by which the remedy of the employee, or his representative in case of injury, whether within or out of the state, is limited to the recovery of the compensation therein provided, where to do so is not contrary to the public policy of the forum.

In Conflict of Laws, Section 6, p. 58½, I think the soul of the text shows that the mere fact that the statute of the forum is different from the statute where the injury occurred, does not fix a policy.

Manifestly, the state courts of Texas could not fix a policy for the national courts sitting in Texas, even though national courts now operate under the rule declared in Erie Railway Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Treating, therefore, the Johnson case from the high court of Texas, as expressing the rule for the state courts in compensation cases from Louisiana, it is not a construction of a Texas statute which a national court in Texas would be required to follow. Nor, has my attention been called to any decision of a ranking New Mexico court upon this statute, so far as this question is concerned.

As inconvenient as a constant tinkering with a final judgment would be, as contemplated by the New Mexico statute, such an obstacle is not "insuperable."

The motion to dismiss is overruled.