Alice C. WELCH, Plaintiff,

v.

Harry S. WELCH, Jr., Defendant.

Civ. A. No. 5466–54.

United States District Court
District of Columbia.

Nov. 26, 1958.

William Gallagher, Washington, D. C., for plaintiff.

William J. Donnelly, Jr., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on to be heard on the motion of United Insurance Company for reconsideration of plaintiff's motion for judgment of condemnation.

■ The movant has placed much reliance on Bradford Electric Light Co. v. Clapper, 1932, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 to support its contention that the memorandum of this Court of August 18, 1958, D.C., 166 F.Supp. 539, was in error in its discussion of the applicability of foreign law to the instant case. In its last submitted "Supplemental Points and Authorities", United Insurance Company argues:

" * * * *  The right to enforce a foreign contract in another jurisdiction is a completely different thing from the forum refusing to give effect to a substantive defense under the applicable law of another state, which the Supreme Court in the case of Bradford Electric [Light] Co. v. Clapper, 286 U.S. 145 [52 S.Ct. 571, 76 L.Ed. 1026] says cannot be done."

The Court is not persuaded that it must view reliance on a contract as a defense differently than it views reliance on a contract to assert a cause of action. Moreover, the Clapper case has since been greatly restricted—if not overruled.

See Alaska Packers Ass'n v. Industrial Accident Commission of California, 1935, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Pacific Employers Insurance Co. v. Industrial Accident Commission, 1939, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; Carroll v. Lanza, 1955, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183; Sheerin v. Steele, 6 Cir., 1957, 240 F.2d 797. It is significant that the bringing of the suit here was not the only contact with the District of Columbia; the underlying judgment involved was one growing out of a District of Columbia support decree. The garnishee here knowingly and collusively engineered an arrangement to thwart a District of Columbia judgment providing for maintenance of a wife. Its actions were *particularly* repugnant to the public policy of the District of Columbia since it is a corporation doing business in the District of Columbia and the judgment involved resulted from an action for maintenance.

The garnishee further argues that the judgment creditor, Alice C. Welch, has a better remedy in South Carolina than she does in the District of Columbia since South Carolina courts can resort to contempt proceedings to enforce her judgment.

Assuming arguendo that this is true, it is a sufficient answer to note the obvious: an effective remedy in South Carolina cannot operate to cancel the remedy offered in the District of Columbia simply because the latter may not be as potent a remedy as the former.

Furthermore, the Court is of the opinion that Title 16, Section 312 of the D.C.Code applies here because of Rules 69(a) and 81(e) of the Federal Rules of Civil Procedure, 28 U.S.C. following § 2072. See discussion in United States v. Miller, 3 Cir., 1956, 229 F.2d 839; Gordon v. Vallee, 5 Cir., 1941, 119 F.2d 118, certiorari denied 1941, 314 U.S. 644, 62 S.Ct. 85, 86 L.Ed. 517; Gullet v. Gullet, 5 Cir., 1951, 188 F.2d 719; 7 Moore, Federal Practice, para. 69.04[3] (1955).

The Court is of the opinion, for the reasons above, and for the reasons set forth in the Memorandum of the Court of August 18, 1958, that the motion to reconsider the judgment of condemnation should be denied.

An order to that effect has this day been rendered.