James A. BROWN, Appellant,

v.

Burtell JEFFERSON, et al., Appellees.

DISTRICT OF COLUMBIA, Appellant,

v.

Gary L. HAWKINS, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Raymond HENDRICKSON, Appellee.

District of Columbia Court of Appeals.

Submitted Sept. 3, 1981.

Decided Sept. 22, 1982.

Charles H. Schulze, Washington, D. C., for appellant Brown.

Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., for Burtell Jefferson and the District of Columbia.

William L. Fallon, Washington, D. C., for appellee Hawkins.

Robert Cadeaux, Washington, D. C., for appellee Hendrickson.

Before NEWMAN, Chief Judge, and NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge:

This consolidated appeal presents for our determination the issue of whether 5 U.S.C. § 6324(a) (1976)[1] and its counterpart, D.C.

---

1. Effective September 26, 1980, 5 U.S.C. § 6324 was superseded as to all District of Columbia employees previously covered under it. D.C. Code 1981, § 1-633.2(a)(6), as amended by D.C.Law 3-109, 27 D.C.Reg. 3785, 4391 (1980). However, since the administrative determinations at issue here were made prior to enactment of this legislation, § 6324 is applicable to these consolidated cases. This section provides that:

> (a) Sick leave may not be charged to the account of a member of the Metropolitan Police force or the Fire Department of the District of Columbia, the United States Park Police force, or the Executive Protective Service force for an absence due to injury or

Code 1973, § 4–525,[2] provide for compensation to members of the District uniformed services who are injured in the performance of duty where these injuries aggravate pre-existing conditions not incurred in the performance of duty. The Police and Fire Departments have generally construed these provisions as not permitting benefits where officers aggravate non-duty injuries or conditions in the performance of duty. That construction was rejected by the Superior Court in *Hawkins* and in *Hendrickson.* We affirm *Hawkins* and *Hendrickson* for the reasons given by Judge Weisberg in his *Hawkins* decision and reverse as to *Brown.*

## I

In the *Hawkins* appeal, the District of Columbia challenges the judgment of the Superior Court which ordered that under D.C.Code 1973, § 4–525, it pay for medical expenses which were denied him as a D. C. firefighter, and that it compensate him for loss of salary and sick leave benefits which were denied under § 6324(a). There was an administrative finding that Hawkins had a pre-existing condition that became symptomatic as a result of the performance of duty as a firefighter. Assistant Fire Chief Devine denied petitioner's request for performance-of-duty administrative sick leave finding that he should be placed on charge-able sick leave status.[3] Devine concluded that petitioner was not entitled to benefits under § 4–525 because he did not have a claim based on an "injury or illness resulting from the performance of duty." 5 U.S.C. § 6324. Thereafter, petitioner was denied payment for medical care and administrative sick leave on the ground that § 4–525 and § 6324 do not apply in "aggravation" cases. The Superior Court accepted the findings of fact, but, in its opinion, rejected the administrative construction of both statutes. Summary judgment was entered against the District, and this appeal followed.

In the *Hendrickson* case, the District of Columbia appeals from a summary judgment in the amount of $2,514.50 representing reimbursement of 45.5 days annual leave and leave without pay. The Superior Court determined that during this period the Officer was entitled to administrative sick leave under § 6324. This ruling was based upon the determination of the Retirement and Relief Board which retired Hendrickson under D.C.Code 1973, § 4–527(2)[4] and upon the reasoning of Judge Weisberg in the *Hawkins* opinion, which construed § 6324 as requiring that administrative sick leave be provided in "aggravation" cases.

illness resulting from the performance of duty.

(b) The determination of whether an injury or illness resulted from the performance of duty shall be made under regulations prescribed by—

(1) the District of Columbia Council for members of the Metropolitan Police force and the Fire Department of the District of Columbia;

(2) the Secretary of the Interior for the United States Park Police force; and

(3) The Secretary of the Treasury for the Executive Protective Service force.

2. This section has since been redesignated as D.C.Code 1981, § 4–613. It is not applicable to police officers and firefighters appointed after January 1, 1980. D.C.Code, §§ 1–633.3(1)(P), –637.1(m)(4). Section 4–613 provides that:

Whenever any member shall become temporarily disabled by injury received or disease contracted in the performance of duty, to such an extent as to require medical or surgical services, other than such as can be rendered by the Mayor, or to require hospital treatment, the expense of such medical or surgical services, or hospital treatment, shall be paid by the District of Columbia; but no such expense shall be paid except upon a certificate of the Mayor setting forth the necessity for such services or treatment and the nature of the injury or disease which rendered the same necessary.

3. Sick leave pay accrues to police officers on the basis of one-half day for each biweekly pay period. 5 U.S.C. § 6307(a) (1976). Absences for illnesses or injuries not incurred in the line of duty are charged to the sick leave account of the police officer. Board of Commissioners of the District of Columbia, Order No. 65–528, para. 2(a) (Apr. 15, 1965).

4. Now redesignated, as amended, D.C.Code 1981, § 4–616(c). D.C.Code 1973, § 4–527(2) provides benefits incurred "by reason of disability aggravated by the performance of duty as a policeman."

The Retirement Board found that Hendrickson should be retired under D.C.Code 1973, § 4–527(2), by reason of disability "aggravated by the performance of duty as a policeman." Hendrickson requested that the denial of administrative sick leave be reconsidered on the basis of the Retirement Board's decision. Reconsideration was denied because the Board concluded that it was aggravation rather than actual performance of duty which caused the injury. On cross-motions for summary judgment it was held that 5 U.S.C. § 6324 does provide for administrative sick leave where an off-duty injury or illness is aggravated by the performance of duty.

In the *Brown* case, the Retirement Board found that he is "physically incapacitated for duty by reason of disability aggravated by the performance of duty as a policeman." The Board denied administrative sick leave ruling that § 6324 is not applicable where a non-duty injury or condition such as Brown's is aggravated in the performance of duty. Brown challenged the denial of administrative sick leave, under § 6324, for a period of nearly one year prior to his retirement. He appeals from a Superior Court order which dismissed his complaint on reasoning contrary to that of Judge Weisberg in the *Hawkins* case. This appeal followed.

## II

The District argues that if Congress intended to allow temporary disability based upon aggravation of pre-existing non-duty related conditions, it would have explicitly stated this view as it did in its amendment of D.C.Code 1973, § 4–527 in 1979. The District further posits that this amendment, which provided for disability retirement in cases of aggravation of duty connected injuries or conditions, should be interpreted as Congressional intent regarding § 4–525 and § 6324(a). We are unpersuaded. The amendment to D.C.Code 1973, § 4–527 should not be construed as an expression of Congressional intent regarding

either of these earlier provisions. Construction by implication is not favored particularly where the implication is to be made from subsequent enactments of different statutes.

As noted in Judge Weisberg's opinion in *Hawkins,* the legislative history of the amendment of D.C.Code 1973, § 4–527 reveals that it was enacted to rectify an abuse of the statute by firefighters and police officers who retire early based on claims that pre-existing non-duty related conditions were aggravated in the performance of duty (to the point of causing permanent disability). The legislative history does not indicate that there was any concern with § 4–525 or § 6324. Neither of these sections is referred to in the discussions of the Bill. *See* HOUSE COMMITTEE ON THE DISTRICT OF COLUMBIA, H.R.REP. No. 96–155, 96th Cong. 1st Sess. (1979); CONF.REP. 96–584, 96th Cong. 1st Sess. (To Accompany S. 1037). Thus, as Judge Weisberg noted, and we agree, "it would be inaccurate to interpret the amendment as an expression of congressional intent to eliminate from the coverage of sections § 6324(a) and § 4–525, absence from work and medical expenses resulting from on the job injuries which aggravate pre-existing conditions." In the absence of any Congressional statement regarding D.C.Code 1973, § 4–525 or 5 U.S.C. § 6324, we are unable to infer that Congress intended to preclude sick leave under this section as well. Both of these provisions are part of a statutory framework designed to compensate uniformed members of the District of Columbia, among others, for injuries resulting from the performance of their duties. They essentially comprise a workmen's compensation plan for these District employees.

Most federal and District government employees are covered by the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 *et seq* (1976). However, members of the District of Columbia uniformed services such as police officers and firefighters are expressly exempted from the FECA by D.C.

Code 1973, § 4–538[5] and 5 U.S.C. § 8101(1)(E)(iv).[6] These employees are provided continuation of benefits under other provisions. Specifically, pay benefits are afforded under 5 U.S.C. § 6324; medical expenses under D.C.Code 1973, § 4–525.

█ Police officers and firefighters were exempted from FECA to prevent double recoveries. There was never an intent to preclude recovery for medical care and compensation. Judge Weisberg recognized this fact in his discussion of the policy considerations supporting liberal construction of the workmen's compensation statutes:

It is clear, however, that both FECA and the substitute provisions applicable to the District of Columbia uniformed services are classified generically as workmen's compensation statutes and are to be interpreted accordingly. *Mason v. District of Columbia,* D.C.App., 395 A.2d 399, 401 (1978); *United States v. Udy,* 381 F.2d 455 (10th Cir. 1967); *Pittman v. United States,* 312 F.Supp. 818 (E.D.Va.1970). Workmen's compensation statutes are generally viewed as remedial legislation intended to advance a social policy which favors limiting the liability of employers, while insuring that all injured employees receive adequate and certain compensation expediously and without regard to fault. *Vozzolo v. Britton,* 126 U.S.App. D.C. 259, 262, 377 F.2d 144, 147 (1967), *quoting Baltimore & Philadelphia Steamboat Co. v. Norton,* [284] 282 U.S. 408, 414 [52 S.Ct. 187, 189, 76 L.Ed. 366] (1932); *Steele v. Adler,* 269 F.Supp. 376, 379 (D.D.C.1967); *see also Bradford Electric Co. v. Clapper,* 286 U.S. 145, 159 [52 S.Ct. 571, 575, 76 L.Ed. 1026] (1932) (the purpose of workmen's compensation statutes

is not only to provide "a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate"). Such remedial legislation is typically given liberal construction by the courts to effectuate its humanitarian purposes, with exemptions and exceptions narrowly construed and doubts resolved in favor of the employee. *Wheatley v. Adler,* 132 U.S.App.D.C. 177, 183–184, 407 F.2d 307, 313–314 (1968); *Vozzolo v. Britton, supra,* 126 U.S.App.D.C. at 262, 377 F.2d at 147; *Phoenix Assurance Co. of New York v. Britton,* 110 U.S.App.D.C. 118, 120, 289 F.2d 784, 785 (1961); *see also Morgan v. D. C. Police and Firemen's Retirement and Relief Board,* D.C.App., 370 A.2d 1322, 1325 n.4 (1977), and accompanying text. [Footnote omitted.]

In the absence of express language in 5 U.S.C. § 6324 and D.C.Code 1973, § 4–525 denying administrative sick leave and medical benefits for injuries resulting from the aggravation of pre-existing medical conditions, we hold that benefits should be granted to each of the employees under these sections. We conclude that the amendment of the retirement statute has no bearing upon the coverage afforded under these sections relating to the aggravation of injuries.

Accordingly, the judgments of the Superior Court are *affirmed* in *Hawkins* and *Hendrickson* and *reversed* in *Brown.*

---

5. This section has since been redesignated as D.C.Code 1981, § 4–633. Section 4–633 provides that:

Notwithstanding any other provision of law, no person entitled to receive any benefit under §§ 4–607 to 4–630 on account of death incurred, an injury received, or disease contracted, or an injury or disease aggravated, in the performance of duty shall be entitled, because of the same death, injury, disease, or aggravation, to benefits under subchapter I of Chapter 81 of Title 5, United States Code.

6. 5 U.S.C. § 8101(1)(E)(iv) (1976) states:

(1) "employee" means—

(E) an individual appointed to a position on the office staff of a former President under section 1(b) of the Act of August 25, 1958 (72 Stat. 838);

but does not include—

(iv) a member of the Metropolitan Police or the Fire Department of the District of Columbia who is pensioned or pensionable under sections 521–535 of title 4, District of Columbia Code.